## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PHILIP WESTERMAN,
                      Appellant,

        v.

DEPARTMENT OF HOMELAND
    SECURITY,
                      Agency.

DOCKET NUMBER
DA-0752-15-0141-I-1

DATE: May 11, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Philip Westerman, McAllen, Texas, pro se.

Eric J. Drootman, Edinburg, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely filed without a showing of good cause for the filing delay. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision.

¶2       By notice dated October 23, 2014, the agency informed the appellant that he would be removed from his position as a GS-12 Border Patrol Agent effective October 31, 2014. Initial Appeal File (IAF), Tab 7 at 11 (Standard Form 50), 13-16 (decision letter). The notice also advised that any appeal of the removal must be filed with the Board within 30 calendar days after the effective date of the action, or 30 days after receipt of the notice, whichever was later; provided the mailing address and facsimile number of the regional office; and attached a copy of the MSPB appeal form. *Id.* at 14-15. The appellant appealed his removal to the Board on December 4, 2014. IAF, Tab 1. The agency moved to dismiss the appeal as untimely filed, asserting that the decision letter was delivered to the appellant's address and signed for by his wife on October 31, 2014, more than 30 days before the appellant initiated his appeal. IAF, Tab 7 at 4-10. In support of its motion to dismiss, the agency submitted a signed certified mail receipt and a U.S. Postal Service (USPS) tracking report showing the date of delivery as October 31, 2014. *Id.* at 17, 19.

¶3       On December 22, 2014, the administrative judge issued an order on timeliness informing the appellant that his appeal appeared to be untimely and

affording him an opportunity to respond. IAF, Tab 4. Having received no response to the timeliness order, the administrative judge issued a second order on January 21, 2015, advising the appellant that his appeal would be dismissed as untimely filed unless he presented evidence and argument showing that his appeal was timely filed or that he had good cause for the untimely filing. IAF, Tab 9. The appellant responded to the second order, stating that his "wife had signed for delivery of a letter around Halloween 2014," but that he did not read the decision until on or about November 7, 2014, which he appears to consider his date of receipt for timeliness purposes. *See* IAF, Tabs 10-11. He also contended that the decision was delivered on November 3, 2014, based on a "2nd notice Nov 03 2014" stamp on the front of the envelope. *See* IAF, Tab 10 at 4-5. The appellant further explained that he could not have filed the appeal any sooner than he did because he was waiting on the union to assist him. *See id.* at 5.

¶4 The administrative judge found that the 30-day filing period began on October 31, 2014, when the USPS tracking report indicated that the agency's decision letter was delivered to the appellant's designated address and, therefore, that the appellant's December 4, 2014 appeal was untimely filed by 3 days. IAF, Tab 14, Initial Decision (ID) at 5. The administrative judge further found that the appellant failed to establish good cause for the untimely filing because the unavailability of a union representative does not constitute good cause. ID at 5-6.

¶5 The appellant has filed a petition for review in which, inter alia, he reiterates his contention that the decision letter was delivered on November 3, 2014. *See* Petition for Review (PFR) File, Tab 1 at 4-5. The agency has responded in opposition; and the appellant has replied to the agency's opposition.[2] PFR File, Tabs 1-3.

---

[2] In his reply to the agency's opposition, the appellant asserts that the agency's discussion of the charges underlying his removal is irrelevant to the timeliness issue and has prejudiced the Board. *See* PFR File, Tab 3 at 3. The appellant is correct that the underlying charges are irrelevant to disposition of the instant petition for review.

¶6    Generally, an appeal must be filed with the Board no later than 30 days after the effective date of the agency's action, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later.    5 C.F.R. § 1201.22(b)(1).  As an initial matter, we find that the administrative judge erred in determining that the decision letter was delivered on October 31, 2014, and not November 3, 2014.  *See* ID at 5.  The parties do not dispute that the agency mailed the decision letter to the appellant via USPS certified mail, tracking number 7008 2810 0000 6666 2918.  *See* IAF, Tab 7 at 17, 19-20, Tab 10 at 4. The USPS tracking report indicates that USPS delivered the certified mail carrying the decision letter on October 31, 2014, at 2:56 p.m.   IAF, Tab 7 at 19. It also shows that USPS first attempted to deliver the decision letter on October 28, 2014, but that there was no authorized recipient available.  *Id.*

¶7    As the appellant notes, however, the envelope bears a stamp indicating "2[nd] notice Nov 3 2014."   IAF, Tab 10 at 4.  In making her determination, the administrative judge did not address the appellant's contention that this stamp establishes that the decision letter was delivered on November 3, 2014.  This was error.  *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (An initial decision must identify all material issues of fact and law, summarize the evidence, and include the administrative judge's conclusions of law and her legal reasoning, as well as the authorities on which that reasoning rests).

¶8    We find that the only plausible explanation for the stamp is that the envelope was in the possession of the USPS until it was delivered on November 3, and that the tracking information to the contrary was the result of administrative error.  The appellant's statement in his response to the show cause order that his wife had "signed for delivery of a letter around Halloween 2014" is

However, we fail to see how the agency's discussion of the factual background of this case is prejudicial to the appellant.

not dispositive. First, it does not specify an exact date. Second, it is unclear from the appellant's statement that his wife "signed for delivery of a letter" whether she signed upon actual receipt of the letter or whether she signed to authorize its re-delivery at a later date.

¶9 Considering the evidence as a whole, we conclude that the decision letter was delivered to the appellant's residence on November 3, 2014, and not October 1, 2014. Thus, the deadline for filing a Board appeal was December 3, 2014. *See* 5 C.F.R. § 1201.22(b). Because the appellant's Board appeal was not filed until December 4, 2014, however, it was still untimely filed by 1 day.

¶10 To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 10 (2014). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his appeal. *Id.* Here, the appellant contends that it was "virtually impossible" for him to file his appeal any earlier because he believed the union would seek arbitration on his behalf and was waiting on their assistance. *See* PFR File, Tab 1 at 4-5.

¶11 As the administrative judge correctly pointed out, however, the unavailability of a union representative does not establish good cause for an untimely filing. ID at 5-6; *see Rosati v. U.S. Postal Service*, 91 M.S.P.R. 122, ¶¶ 6, 8, *aff'd*, 53 F. App'x 95 (Fed. Cir. 2002). Moreover, the Board has declined to excuse even delays that are not particularly lengthy absent other factors showing good cause. *See, e.g.*, *Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 6 (2014); *Melendez v. Department of Homeland*

*Security*, [112 M.S.P.R. 51](#), ¶ 16 (2009). Thus, we discern no basis to disturb the administrative judge's determination that the appellant failed to show good cause for his untimely filing.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. [5 C.F.R. § 1201.113](#).

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) ([5 U.S.C. § 7702](#)(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

<u>Discrimination and Other Claims:  Judicial Action</u>

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                           _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.