**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CLINTON JENKINS,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DC-0752-20-0794-I-1 |
| 　　　v. | |
| SMITHSONIAN INSTITUTION,<br>　　　　　　Agency. | DATE: August 13, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Clinton Jenkins</u>, Largo, Maryland, pro se.

<u>David Larson</u>, Esquire, and <u>Katherine Bartell</u>, Esquire, Washington, D.C.,
　　for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed the appeal as untimely filed. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant constructively received the notice of proposed removal on April 15, 2020, we AFFIRM the initial decision.

## BACKGROUND

On April 10, 2020, the agency mailed to the appellant's address of record its decision removing him from Federal service, effective April 25, 2020. Initial Appeal File (IAF), Tab 7 at 24-29. On August 10, 2020, the appellant filed an appeal challenging his removal, 107 days after the effective date. IAF, Tab 1. In response to the timeliness order issued by the administrative judge, the appellant stated that he did not receive the removal decision until July 2020. IAF, Tab 6. The administrative judge dismissed the appeal as untimely, finding that the appellant failed to keep the agency apprised of his current mailing address as required by 5 C.F.R. § 1201.22(b)(3) and finding that the appellant constructively received the decision after the agency placed it in the mail to his address of record. IAF, Tab 9, Initial Decision (ID) at 4. The appellant has filed a petition for review, arguing that the agency should have used other means to notify him of the removal decision. Petition for Review (PFR) File, Tab 1.

**DISCUSSION OF ARGUMENTS ON REVIEW**

The appeal was untimely filed.

The appellant bears the burden to prove by preponderant evidence that his appeal was timely filed. 5 C.F.R. § 1201.56(b)(2)(i)(B). A removal appeal must be filed no later than 30 days after the effective date of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). Regarding the receipt of agency documents, 5 C.F.R. § 1201.22(b)(3) provides that documents may be deemed constructively received under certain circumstances:

> An appellant is responsible for keeping the agency informed of his or her current home address for purposes of receiving the agency's decision, and correspondence which is properly addressed and sent to the appellant's address via postal or commercial delivery is presumed to have been duly delivered to the addressee. While such a presumption may be overcome under the circumstances of a particular case, the appellant may not avoid service of a properly addressed and mailed decision by intentional or negligent conduct which frustrates actual service.

Here, it is undisputed that the agency mailed the decision to the appellant's address of record on April 10, 2020. IAF, Tab 7 at 24-29. We find that the appellant constructively received the decision 5 days later, on April 15, 2020. *See Williamson v. U.S. Postal Service*, 106 M.S.P.R. 502, ¶ 7 (2007) (recognizing a presumption that documents placed in the mail are received in 5 days). The appellant's assertion that he did not receive the decision until July 2020, when it was resent to his new address, is insufficient to overcome the presumption of constructive receipt because he did not keep the agency apprised of his current address and he may not avoid service of a properly addressed and mailed decision by negligent conduct. IAF, Tab 6 at 4; *see* 5 C.F.R. § 1201.22(b)(3).

The effective date of the removal was April 25, 2020, ten days after constructive receipt. IAF, Tab 1 at 4. Therefore, pursuant to 5 C.F.R. § 1201.22(b)(1), the appellant's appeal was due by May 25, 2020, i.e., 30 days

after the effective date. The appellant's August 10, 2020 appeal was therefore untimely by 77 days.

<u>The appellant has not shown good cause for the delay in filing his appeal.</u>

The Board may waive its regulatory filing time limit for good cause shown. 5 C.F.R. § 1201.22(c). To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

Though he is proceeding pro se, the appellant's 77-day delay in filing is not minimal. *See Rosati v. U.S. Postal Service*, 91 M.S.P.R. 122, ¶ 7 (finding a nearly 2-month delay was not minimal), *aff'd*, 53 F. App'x 95 (Fed. Cir. 2002). The appellant's assertion that he did not receive the decision until July 2020 does not amount to good cause for the reasons stated above. *See Little v. U.S. Postal Service*, 124 M.S.P.R. 183, ¶¶ 8-10 (2017) (applying 5 C.F.R. § 1201.22(b)(3) to find constructive receipt and finding an appellant's delay in checking his post office box did not constitute good cause for untimely filing by 1 day). The appellant also asserts that the agency did not attempt to contact him by phone or email to relay its removal decision. PFR File, Tab 1 at 4-5. The administrative judge correctly found that the agency was under no obligation to do so. ID at 4. Accordingly, we affirm the administrative judge's decision to dismiss the appeal as untimely filed.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.